IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CARLOS ARMENTA | § | |
| v. | § | CIVIL ACTION NO. 5:06cv76 |
| JOHN PRYOR, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Carlos Armenta, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Armenta's lawsuit complained that he received a disciplinary case for possession of a weapon, allegedly in retaliation for grievances which he had filed. He sought monetary damages for relief.

On August 16, 2006, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge noted that under Fifth Circuit precedent, prisoners could not bring Section 1983 actions seeking monetary damages for claims concerning disciplinary cases until the disciplinary conviction was reversed, set aside, or expunged. *See* Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998). Armenta has filed a federal habeas corpus petition challenging the disciplinary case at issue here, but this petition was dismissed with prejudice and is currently on appeal. The Magistrate Judge therefore recommended that the lawsuit be dismissed without prejudice until this occurred.

Armenta filed objections to the Magistrate Judge's Report on August 28, 2006. In his objections, Armenta says that this lawsuit concerns an Eighth Amendment claim for cruel and unusual punishment in the giving of the disciplinary case, because this case was given in retaliation for the filing of grievances, and for conspiracy. Prior to filing this case, Armenta says, he filed a habeas corpus petition challenging the "procedures" of the disciplinary case.

Armenta says that his lawsuit is not governed by the cases cited by the Magistrate Judge because is not seeking release from custody, challenging the fact or length of his confinement, or seeking an injunction affecting the length of his incarceration. Instead, he says, he is challenging the "conditions of confinement," including the officers' conspiracy, and so the success of his claim would not imply the invalidity of his confinement.

However, Armenta misses the point. A judgment in his favor in this Section 1983 lawsuit would necessarily imply the invalidity of the disciplinary case which he challenges. Consequently, he must show that the case has been reversed, set aside, or expunged before he can seek damages as a result of the case. Armenta specifically says that the disciplinary case is "false" and asserts that it was given to him in retaliation for the filing of grievances, as part of a conspiracy; a ruling in his favor, indicating that these assertions were correct, would plainly imply that this conviction was invalid. He has failed to show that the Magistrate Judge was in error.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original complaint and brief in support, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Plaintiff are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice to Armenta's right to refile his lawsuit at such time as he can demonstrate that his

disciplinary conviction has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

    ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 5th day of October, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE