IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CARLOS AVILES ARMENTA | § | |
| v. | § | CIVIL ACTION NO. 5:06cv76 |
| JOHN PRYOR, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
ON MOTION FOR INJUNCTIVE RELIEF

      The Plaintiff Carlos Armenta, an inmate of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. The lawsuit has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

      On March 17, 2008, Armenta filed a motion seeking a temporary restraining order and preliminary injunction. In this motion, Armenta says that he is seeking injunctive relief in order to prevent the Defendants from tampering with his mail. He says that mailroom personnel have been tampering and censoring or destroying his outgoing legal mail, including an appeal which he sent in August of 2006 to the Texas Court of Criminal Appeals.

      The prerequisites for a preliminary injunction are: (1) the substantial likelihood that the moving party will prevail on the merits; (2) a substantial threat that the moving party will suffer irreparable injury if the injunction is not granted; (3) the threatened injury outweighs the threatened harm the injunction may do to the nonmovant; and (4) the granting of the preliminary injunction will not disserve the public interest. Libertarian Party of Texas v. Fainter, 741 F.2d 728, 729 (5th Cir. 1984); see Rule 65(b), Fed. R. Civ. P.

A preliminary injunction is typically granted pending trial on the merits to prevent irreparable injury that may result before a dispositive trial. Shanks v. City of Dallas, Texas, 752 F.2d 1092, 1096 (5th Cir. 1985). The granting or denying of a preliminary injunction is within the discretion of the trial court. Apple Barrel Productions, Inc. v. Beard, 730 F.2d 384, 386 (5th Cir. 1984). Since a preliminary injunction is such an extraordinary, and perhaps drastic, remedy, one is not granted unless the movant clearly carries the onerous burden of persuasion as to all of the elements. United States v. Jefferson County, 720 F.2d 1511, 1519 (5th Cir. 1983).

In this case, Armenta has not shown a substantial likelihood that he will prevail on the merits of his claims, nor a substantial threat of irreparable injury. He simply speculates that he may suffer interference with his access to court, but does not indicate that he has actually suffered any such interference in this case. The docket shows that Armenta has filed a large number of pleadings in this case, as well as a successful appeal to the Fifth Circuit. He has not pointed to any difficulty in presenting his claims in this case, nor is any such difficulty apparent from the record.

Nor has Armenta shown that his proposed injunction would not disserve the public interest. Considerations of federalism weigh heavily against interference by federal courts through the issuance of preliminary injunctions against state agencies. The Supreme Court has stated that prison administrators are to be accorded wide-ranging deference in their adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain internal security. Block v. Rutherford, 468 U.S. 576, 584-85 (1984). Consequently, the Court has noted that federal district courts are not to allow themselves to become "enmeshed in the minutiae of prison operations." Lewis v. Casey, 116 S.Ct. 2174, 2182 (1996), *citing* Bell v. Wolfish, 441 U.S. 520, 562 (1979). Armenta has failed to overcome his onerous burden of proof, and so his requested injunctive relief cannot be granted.

RECOMMENDATION

It is accordingly recommended that the Plaintiff's motion for a temporary restraining order or preliminary injunction (docket no. 25) be denied.

A party's failure to file objections to the findings, conclusions, and recommendations contained in this Report within ten days after service with a copy thereof shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 15th day of April, 2008.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE