IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| CARLOS AVILES ARMENTA #743688 | § | |
| v. | § | CIVIL ACTION NO. 5:06cv76 |
| JOHN PRYOR, ET AL. | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff Carlos Armenta, proceeding *pro se*, filed this lawsuit under 42 U.S.C. §1983 complaining of alleged deprivations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Armenta complains of a disciplinary case which he received for possession of a weapon, saying that this case was given to him in retaliation for grievances which he filed as well as an earlier lawsuit. He sought monetary damages for relief.

The Court initially dismissed the case because Armenta failed to show that the disciplinary case which he challenged had been overturned or set aside, but the Fifth Circuit reversed this dismissal, saying that claims of retaliation are not subject to dismissal on this basis. The Court then ordered the Defendants to answer, and a motion for summary judgment was filed by the Defendant John Pryor; of the other two defendants, Lt. Lann was no longer employed by TDCJ and service of process proved unsuccessful, and the other person was identified only as "Johnson," a surname shared by some 200 employees of TDCJ. The Attorney General for the State of Texas advised the Court that once Armenta identified "Johnson" based on discovery documents, an effort would be

1

made to secure authorization to represent him, but this does not appear to have been done. Armenta also filed a motion for summary judgment.

After review of the motions, pleadings, and summary judgment evidence, the Magistrate Judge issued a Report on January 15, 2009, recommending that the Defendant's motion for summary judgment be granted and that the lawsuit be dismissed with prejudice. The Magistrate Judge noted that while Armenta had filed a number of grievances and two previous lawsuit, none of the grievances mentioned any of the Defendants in this case, nor did his two prior lawsuits. The Magistrate Judge stated that Armenta's argument was in effect that he had filed complaints and grievances and subsequently received disciplinary action, and so the disciplinary action must have been taken in retaliation for these complaints and grievances. Nothing in the record showed that Pryor was even aware of the complaints or grievances which Armenta had filed, much less that Pryor had acted with a retaliatory motive.

The Magistrate Judge noted that Armenta had made similar conclusory claims of retaliation in one of his earlier lawsuits, and the Fifth Circuit had affirmed the dismissal of this lawsuit on the basis that Armenta had failed to show that his filing of complaints or grievances motivated any retaliation, nor had he shown a chronology of events from which retaliation could be inferred. The Magistrate Judge stated that the same condition existed in the present case.

The Fifth Circuit has held that prisoners cannot inappropriately insulate themselves from disciplinary action by drawing the shield of retaliation about themselves, *see* Woods v. Smith, 60 F.3d 1161, 1166 (1995), and the Magistrate Judge concluded that this was precisely what Armenta was seeking to do in this case. The fact that Armenta had previously filed grievances and lawsuits does not make any subsequent action by prison officials retaliatory in nature. The Magistrate Judge therefore recommended that Armenta's retaliation claim be dismissed.

Armenta also argued that no weapon ever existed, which he says is proof of the retaliatory motive. He pointed to minor discrepancies in the descriptions given of the weapon, one of which described it as being "four and a half inches with a handle" and another of which said that it was "six

2

inches long." The Magistrate Judge stated that Armenta's conclusory contention that no weapon existed was insufficient to show that the disciplinary case was retaliatory, stating that the testimony of Pryor and Lann at the hearing was sufficient evidence to uphold the conviction and that the Fifth Circuit has held that the existence of a legitimate prison disciplinary report is "probative and potent summary judgment evidence." Woods, 60 F.3d at 1166. The Magistrate Judge thus concluded that the Defendant's motion for summary judgment evidence be granted, and that the unserved Defendants, who did not join in this motion, were nonetheless entitled to its benefits. Lewis v. Lynn, 236 F.3d 766, 768 (5th Cir. 2001).

Armenta filed objections to the Magistrate Judge's Report on February 3, 2009. In his objections, Armenta first complains that the Defendants did not provide him with discovery. Specifically, he says that they did not respond to interrogatories or requests for admissions, nor did they produce a tape of the disciplinary hearing.

Next, Armenta says that one of his earlier lawsuits had been against a necessities officer who at the time was Officer Pryor's supervisor. He argues that he did exhaust administrative remedies and says that he "produced evidence" to show that there had been no weapon in existence. Armenta says that this is "a genuine issue of material fact" which precludes the granting of summary judgment. He says that summary judgment is improper because his interrogatories and requests for admissions were not answered and that the other Defendants should not be allowed to benefit from the motion for summary judgment.

Armenta's objections are without merit. His motion to compel answers to his interrogatories and requests for admissions was denied because the discovery plan in effect for the case required disclosure of all information relevant to the claims or defenses of any party, and prohibited further discovery except upon order of the Court. His contention that one of his previous lawsuits named Officer Pryor's supervisor as a defendant is wholly insufficient to show that Pryor's giving him a disciplinary case several months later was retaliatory.

3

Although Armenta says that he "offered evidence" to show that no weapon existed, in fact he presented nothing of the sort. In a motion to add an attachment to his motion for summary judgment (docket no.'s 58 and 59), Armenta says that the weapon was given to the Office of the Inspector General, but that the OIG never received a report, nor any weapon. He refers to "Exhibit N," docket no. 59, which is an affidavit from Chris Stallings, chief inspector at the Office of the Inspector General and custodian of records for that agency. The relevant portion of this affidavit reads as follows: "The Office of the Inspector General's database revealed no OIG case information concerning any sustained allegation of retaliation against an offender by for Employee Jeffery Lann [social security number redacted] as of the date of this affidavit." Thus, Exhibit N says nothing about the existence or non-existence of a weapon; on the contrary, it shows that no allegations of retaliation by Officer Lann against any inmates had been sustained.

The Fifth Circuit has stated that conclusory allegations, speculation, and unsubstantiated assertions are not sufficient to satisfy the non-movant's burden. Grimes v. Texas Dept. of Mental Health & Mental Retardation, 102 F.3d 137, 140 (5th Cir. 1996); Vais Arms. Inc. v. Vais, 383 F.3d 287, 294 (5th Cir. 2004) ("vague and self-serving statements in affidavit" held insufficient to raise a genuine issue of material fact). In claiming that no weapon existed, Armenta seeks to re-try the disciplinary case on its merits through a *de novo* factual review, which he cannot do. *See* Smith v. Rabelais, 659 F.2d 539, 545 (5th Cir. 1981) (*de novo* factual reviews of challenges to disciplinary cases are not required). Armenta cannot evade the bar on such *de novo* factual reviews of prison disciplinary cases and obtain a re-trial of that case in federal court by the simple expedient of couching his claim in terms of retaliation. The Magistrate Judge correctly recommended that the Defendant's motion for summary judgment be granted, and Armenta's objections to this recommendation are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, the summary judgment evidence, the Report of the Magistrate Judge, and the Plaintiff's objections thereto. Upon

such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment (docket no. 45) is hereby GRANTED and that the Plaintiff's lawsuit is hereby DISMISSED with prejudice. As explained by the Magistrate Judge, such dismissal incorporates all claims in the case and thus all parties thereto. It is further

ORDERED that any and all motions which may be pending in this action, specifically including but not limited to the Plaintiff's motion for summary judgment (docket no. 55) are hereby DENIED.

**SIGNED this 9th day of February, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE